LAW OFFICES OF MICHAEL A. FREEMAN
Michael A. Freeman (MAF-9600)
24 West 40th Street, 17th Floor
New York, New York 10018
(646) 366-0881
Counsel for Plaintiff

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ZORAN STOYANOVICH,

        Plaintiff,

   v.

FINE ART CAPITAL LLC

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Civ. No. 06-cv-13158

COMPLAINT

        Plaintiff Zoran Stoyanovich by his undersigned attorney, for his complaint against defendant Fine Art Capital LLC, alleges as follows:

        1.     This is an action for damages under the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691 *et seq.* (the "Act").

        2.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1691e(f).

        3.     This Court has personal jurisdiction over defendant in this action pursuant to N.Y. C.P.L.R § 301 because defendant's principal place for business is within the State of New York.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because defendant resides in this judicial district and/or a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this judicial district.

5. Plaintiff is an individual residing at 380 South Fifth Street, #602, Columbus, OH.

6. Plaintiff is a violinist in the Columbus Symphony Orchestra in Columbus, Ohio and maintains a valuable collection of antique instruments and violin bows.

7. Defendant is a limited liability company with a principal place of business at 6 East 43rd Street, New York, NY.

8. Defendant is in the business of lending money to individuals, art dealers, museums and others seeking to finance new acquisitions and borrow against an existing collection of art and antiques.

9. On or about June 7, 2006, in response to an advertisement placed by defendant in *Strings* magazine, a publication targeted to musicians, plaintiff submitted a written application to defendant for financing to purchase a rare musical instrument.

10. Plaintiff's application was made in writing, and was not made for the extension of additional credit under an existing open-end account.

11. Plaintiff intended to secure the loan using his collection of antique instruments and violin bows.

12. On June 15, 2006, defendant notified plaintiff that plaintiff's application had been rejected. Defendant's notification of adverse action on plaintiff's application did not contain a statement of the provisions of § 701(a) of the Act, 15 U.S.C.

§ 1691(a), in the form required by 12 C.F.R. § 202.9(b)(1), did not contain the name and address of the federal agency that administers compliance with the Act with respect to defendant creditor, and contained neither a statement of specific reasons for the action taken nor a disclosure of plaintiff's right to a statement of specific reasons for the adverse action taken within 30 days, if the statement was requested within 60 days of defendant creditor's notification.

13. On July 11. 2006, after plaintiff received defendant's notification of adverse action on plaintiff's application, plaintiff wrote to defendant and requested that defendant provide plaintiff with a statement of the reasons why plaintiff's application for credit was denied.

14. Defendant has failed and refused to provide plaintiff with a explanation that complies with the requirements of the Act as to why his credit was denied.

15. The only explanation given by defendant was that plaintiff's application was denied because of "credit-related information obtained from sources other than consumer reporting agencies," which, among other things, does not provide plaintiff with any information on how to correct any purported deficiencies in his credit rating.

AS AND FOR A FIRST CAUSE OF ACTION
(Violation of the Act)

16. Plaintiff repeats and realleges the allegations contained in paragraphs 1-15 above.

17. Defendant's failure to provide information to plaintiff as required under the Act was in violation of plaintiff's rights under 15 U.S.C. § 1691(d), and 12 C.F.R. § 202.9(a)(2).

18. Due to defendant's wrongful denial of credit and failure to provide proper notice of any deficiencies in plaintiff's credit, plaintiff has lost the opportunity to purchase a rare musical instrument, which has resulted in monetary damages to be proven at trial in an amount not less than $500,000.

19. Due to defendant's wrongful denial of credit and failure to provide proper notice of any deficiencies in plaintiff's credit, plaintiff has suffered injury to his credit reputation, mental anguish, humiliation and embarrassment, which has resulted in monetary damages to be proven at trial in an amount not less than $500,000

20. Due to defendant's wrongful denial of credit and failure to provide proper notice of any deficiencies in plaintiff's credit, defendant is liable to plaintiff for punitive damages in an amount not greater than $10,000.

21. Due to defendant's wrongful denial of credit and failure to provide proper notice of any deficiencies in plaintiff's credit, pursuant to 15 U.S.C. § 1691e(d), plaintiff is entitled to recover the costs of the action, together with a reasonable attorney's fee, which should be added to any damages awarded by the Court.

## DEMAND FOR JURY TRIAL

22. Plaintiff demands a trial by jury on all claims and issues so triable.

WHEREFORE, plaintiff demands judgment against defendant for:

A. Damages for actual out of pocket business losses in an amount to be determined at trial, but not less than $500,000;

B. Damages for injury to plaintiff's credit reputation, mental anguish, humiliation and embarrassment in an amount to be determined at trial, but not less than $500,000;

C. Punitive damages in an amount to be proven at trial, but not greater than $10,000;

D. Reasonable attorney's fees in an amount to be proven at the conclusion of the trial of this action;

E. The costs of this action; and

F. Such other and further relief as the court may deem proper.

Dated: New York, New York
November 13, 2006

                                        LAW OFFICES OF MICHAEL A. FREEMAN

                                        By:_____
                                            Michael A. Freeman (MAF-9600)
                                            24 West 40th Street, 17th Floor
                                            New York, New York  10018
                                            (646) 366-0881

                                            Counsel for Plaintiff